# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CODY LEE ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-CV-1214 PLC |
| ) | |
| UNITED STATES OF AMERICA ) | |
| FEDERAL COURT EASTERN DISTRICT ) | |
| OF MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Self-represented plaintiff Cody Lee Anderson, a federal prisoner sentenced by this Court and currently incarcerated at the Oklahoma City Federal Transfer Center, brings this action under 42 U.S.C. § 1983. The matter is now before the Court upon the motion of plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $15.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff submitted a non-certified inmate account statement listing his withdrawals and deposits from August to September 2021. ECF No. 3. This statement does not provide the detailed account activity required to calculate average deposits or balances over a six-month period. Based on the limited financial information provided, the Court finds plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $15.00, which is twenty percent of plaintiff's average account deposits. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (stating that the Court should assess a partial filing fee amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a certified copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Self-represented plaintiff Cody Lee Anderson filed this action on a civil rights complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff names the "United States of America Federal Court Eastern District of Missouri" as the sole defendant in its official capacity.

On two sheets of notebook paper titled, "Statement of Claim," plaintiff alleges he "was not supposed to ever be considered a[n] Armed Career Criminal by the Federal Courts upon [his] sentencing." Plaintiff argues he was wrongfully convicted because he "is serving a sentence that exceeds the maximum aloud [sic] for the actual base offen[s]e for a felon in posses[s]ion of a firearm." Plaintiff alleges his civil rights have been violated due to the allegedly improper sentencing enhancement. For relief, plaintiff seeks to be resentenced without the armed career criminal enhancement. He does not seek monetary damages.

Along with his complaint, plaintiff also filed a two-page document titled, "Motion to Enter Facts into Civil Claim." ECF No. 5. Within this document, plaintiff cites to the U.S. Sentencing Guidelines Manual § 4A1.2 for support that his sentence of imprisonment should be modified to exclude an enhancement.

The underlying criminal case plaintiff refers to in the instant complaint is *United States v. Anderson*, Case No. 4:17-CR-23-RWS-1.[1] On April 18, 2017, plaintiff pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced on October 30, 2017 to a term of 144 months of incarceration and two years of supervised release. *Id.* at ECF No. 49. Plaintiff appealed his sentence to the United States Court of Appeals for the Eighth Circuit, which was dismissed as untimely. *Id.* at ECF Nos. 51, 54, 56.

## Discussion

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court will dismiss the instant action for failure to state a claim.

---

[1] The Court may take judicial notice of judicial opinions and public records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005).

4

Based on plaintiff's allegations, this appears to be a hybrid action of some sort, where plaintiff is seeking relief under 42 U.S.C. § 1983 for an alleged violation of his constitutional rights in applying an enhancement to his sentence, and under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. The Court cannot vacate plaintiff's criminal judgment and sentence through a civil rights lawsuit and will therefore not permit plaintiff to proceed under both statutes simultaneously in one action. A § 1983 action is not the appropriate vehicle for challenging criminal judgments. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A federal inmate may only bring a post-conviction challenge to the validity of a conviction and sentence by filing a § 2255 motion with the judge who sentenced him. Thus, if plaintiff wishes to challenge his conviction and sentence, he must proceed pursuant to 28 U.S.C. § 2255. The Court will direct the Clerk to provide plaintiff with the proper form for filing a motion to vacate, set aside, or correct sentence.

As to plaintiff's instant civil rights claim against the United States District Court of the Eastern District of Missouri, it must be dismissed because such a suit is barred by the doctrine of sovereign immunity. "Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 2020 WL 5104268, at *1 (8th Cir. 2020). *See also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). In order to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See VS Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). Such waiver must be "unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4 (1969). *See also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (stating that "in the context of federal sovereign immunity

. . . it is well established that waivers are not implied"). Sovereign immunity also "bars claims against federal officials in their official capacity unless a waiver is unequivocally expressed by Congress. *Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993). Plaintiff, here, has not shown a basis upon which sovereign immunity has been expressly waived for his alleged claims against the Eastern District of Missouri. *See also West v. Atkins*, 487 U.S. 42, 28 (1988) (§ 1983 provides for relief against state actors, not the United States of America).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $15.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank 'Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody' forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel [ECF No. 4] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Enter Facts into Civil Claim [ECF No. 5] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal with be entered herewith.

**IT IS FURTHER CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of October, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE