**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CODY LEE ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-CV-1214 PLC |
| ) | |
| UNITED STATES OF AMERICA ) | |
| FEDERAL COURT EASTERN DISTRICT ) | |
| OF MISSOURI, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This closed case is before the Court upon self-represented plaintiff Cody Lee Anderson's "Motion to Enter New Facts to Claim in Civil Suit." ECF No. 10. For the following reasons, the motion is denied.

Plaintiff is a federal prisoner who was sentenced by this Court[1] and is currently incarcerated at the Oklahoma City Federal Transfer Center. On October 12, 2021, plaintiff filed this action on a civil rights complaint form pursuant to 42 U.S.C. § 1983 against the United States of America Federal Court, Eastern District of Missouri. ECF No. 1. Plaintiff claimed he was incorrectly sentenced as an armed career criminal. For relief, he sought to be resentenced.

On October 18, 2021, the Court dismissed this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for two reasons: (1) his claim against the United States District Court of the Eastern District of Missouri was barred by the doctrine of sovereign immunity; and (2) a

---

[1] On April 18, 2017, plaintiff pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Anderson*, Case No. 4:17-CR-23-RWS-1. He was sentenced on October 30, 2017 to a term of 144 months of incarceration and two years of supervised release. Plaintiff appealed his sentence to the United States Court of Appeals for the Eighth Circuit, which was dismissed as untimely.

criminal judgment and sentence cannot be vacated through a civil rights lawsuit. ECF No. 7. The Court explained:

> A § 1983 action is not the appropriate vehicle for challenging criminal judgments. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A federal inmate may only bring a post-conviction challenge to the validity of a conviction and sentence by filing a § 2255 motion with the judge who sentenced him. Thus, if plaintiff wishes to challenge his conviction and sentence, he must proceed pursuant to 28 U.S.C. § 2255.

ECF No. 7 at 5. As such, the Court directed the Clerk to provide plaintiff with the proper form for filing a motion to vacate, set aside, or correct sentence.

After this action was closed, the Court received the instant "Motion to Enter New Facts to Claim in Civil Suit." ECF No. 10. Within this document, plaintiff cites to the U.S. Sentencing Guidelines Manual § 4A1.2 for support that his sentence of imprisonment should be modified to exclude the armed career criminal enhancement. The Court denies this motion because although the October 18, 2021 dismissal was without prejudice to plaintiff filing a new action in the future should he decide to do so, the instant case is closed. To the extent plaintiff seeks through his motion to reinstate or pursue his dismissed case or file a different case, or assert a motion to vacate, he cannot obtain such relief by filing the instant motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Enter New Facts to Claim in Civil Suit [ECF No. 10] is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of October, 2021